Pérez, Demandante y Apelado, *v.* Compañía del Cable Francés, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre indemnización (moción de reconsideración.)

No. 2819.—Resuelto en reconsideración en mayo 11, 1923.

Daños y Perjuicios—Mora—Dolo.—Rechazada por la demandada cierta carne fresca que había convenido en comprar al demandante y negándose a pagar

el precio de la misma bajo el pretexto de que estaba dañada; probado que la carne estaba en buenas condiciones, no sólo viene la demandada obligada a satisfacer el precio, sí que también los daños y perjuicios ocasionados al demandante, cuyo montante no está regulado por el artículo 1075 del Código Civil, sino por el 1073 en relación con el 1068 del propio cuerpo legal, ya que la demandada incurrió en dolo al negarse a cumplir su obligación.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Chas. Hartzell* y *D. F. Kelly.*

Abogado del apelado: *Sr. M. Tous Soto.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Solicita la parte demandada por medio de nuevos abogados la reconsideración de la sentencia dictada en este caso el 23 de abril último. Alega que, como cuestión de derecho, lo único que podía reclamar el demandante en concepto de daños y perjuicios era el interés del valor de la carne dejada de pagar y que siendo dicho valor el de $313,45 solamente, los intereses no podrían nunca, dado el tiempo transcurrido, ascender a la suma necesaria para conferir jurisdicción original a la corte de distrito.

Ni en la contestación a la demanda, ni en la moción solicitando que la corte de distrito dejara sin efecto su sentencia, ni en el alegato presentado para sostener el recurso de apelación interpuesto, levantó la demandada esa cuestión. La hemos estudiado sin embargo, por estar envuelta la jurisdicción de la corte, pero a nuestro juicio no tiene mérito alguno.

Es cierto que el artículo 1075 del Código Civil, que parece que es el que tienen en mente los nuevos abogados de la demandada, dispone que: "Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal."

Pero ese no es aquí el caso. El demandante se avino a

proveer de cierta cantidad de carne a la demandada y la demandada a pagar de contado su precio. La demandada no sólo incurrió en mora ya que dejó de pagar el precio en el día convenido, si que también en dolo al negarse a recibir la carne bajo el pretexto de que estaba dañada. Con ello obligó al demandante a llevar al vapor de la demandada las autoridades sanitarias y un perito para que reconocieran el artículo y luego a hacerlo examinar en un laboratorio, incurriendo en los gastos consiguientes y además perdiendo el demandante su crédito y desorganizando su pequeño negocio al dejar de cumplir con las personas que le proporcionaron los animales vivos para beneficiarlos y al abandonar por varios días su trabajo y sus intereses.

Siendo esos los hechos, no es el artículo 1075 el precepto de ley aplicable, sino los artículos 1068 y 1073 del propio Código Civil que dicen, el primero, que: "Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas," y el segundo, que: "La indemnización de daños y perjuicios comprende, no sólo el valor de la pérdida que haya sufrido, sino también el de la ganancia que haya dejado de obtener el acreedor, salvas las disposiciones contenidas en los artículos siguientes."

Debe declararse no haber lugar a la reconsideración solicitada.

*Denegada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.